UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

|  |  |
|---|---|
| **MAUREEN METZGER,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 3:23-cv-00058 |
| ) | |
| **THE RECTOR AND VISITORS OF** ) | |
| **THE UNIVERSITY OF VIRGINIA,** ) | |
| ) | |
| *Defendants*. ) | |

**JOINT RULE 26(F) DISCOVERY PLAN AND MOTION
FOR AMENDED SCHEDULEDING ORDER**

Plaintiff Maureen Metzger, and Defendant, The Rector and Visitors of The University of Virginia, by counsel, submit this Joint Discovery Plan and Motion for Amended Scheduling Order in accordance with Fed. R. Civ. P. 26(f). Counsel for the parties certify that they have conferred to consider discovery in this matter and respectfully move this Court to enact the Scheduling Order as follows:

1. <u>Initial Disclosures:</u>  The parties agree that they will provide the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on the following dates:

    A. Plaintiff's Initial Disclosures – **March 31, 2024**

    B. Defendant's Initial Disclosures – **March 31, 2024**

2. <u>Assignment to Magistrate Judge:</u>  The parties do not consent to the jurisdiction of a magistrate judge at this time.

3. <u>Settlement Possibility/Alternative Dispute Procedures:</u>  At the present time, the parties have not reached a settlement, but the parties would like to schedule a Judicial Settlement

Conference within 90 days of the Rule 16 Conference. The parties do not rule out the possibility of a future settlement. In the event the parties believe that a judicial settlement conference conducted by a Magistrate Judge may be beneficial, the parties will contact the Court to request such judicial settlement conference.

    4.    <u>Discovery Plan</u>: The parties are not aware of any facts at this time that would require a change in the limitations on discovery imposed by the Federal Rules of Civil Procedure, the Court's Local Rules, or the Court's Scheduling Order. Both the Plaintiff and Defendant agree to the following:

    A.    The parties agree that the scope of discovery shall be limited to those topics permissible under Rule 26(b).

    B.    In the event that a party needs or desires to propound more than twenty-five (25) interrogatories or take non-party, non-expert depositions exceeding the ten (10) allowed under Rule 30 of the Federal Rules of Civil Procedure, that party will file an appropriate motion seeking permission from this Court.

    C.    Pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule 26(a), Plaintiff shall identify her expert witnesses, if any, on or before **July 31, 2024.**

    D.    Pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule 26(a), Defendants shall identify their expert witnesses, if any, as well their rebuttal expert witnesses, if any, on or before **August 30, 2024.**

    E.    Plaintiff shall identify her rebuttal expert witnesses, if any, on or before **September 18, 2024.**

    F.    The mandatory disclosures required by Fed. R. Civ. P. 26(a)(2) shall be provided on the dates set forth in subparagraphs 4(c) through 4(e) above. The parties agree to

work out the timing and form of payment prior to taking the deposition testimony of the opposing party's expert(s).

        G.     The parties agree to send a Joint Status Report 180 days before the trial set on this matter. If the Court adopts the trial dates set below, this status report would be sent to the Court on or before **September 25, 2024**. All discovery shall be completed by **October 15, 2024.**

5.     All dispositive motions shall be filed no later than **November 22, 2024.** Oppositions to all dispositive motions shall be filed no later than **December 20, 2024**. Reply briefs, if any, shall be filed no later than **January 10, 2025.** If any *Daubert* Motions are to be filed by either party, those motions will be filed no later than **January 29, 2025.** Oppositions to all *Daubert* motions shall be filed no later than **February 12, 2025.** Reply briefs, if any, shall be filed no later than **February 26, 2025.**

6.     The parties agree to the Court holding **March 24-28, 2025** as trial dates until further evaluation. The parties further agree to disclose witnesses and exhibits 21 days before the first day of trial, and submit objections to deposition designations, witnesses, or exhibits no later than 10 days before the first day of trial.

7.     <u>Additional Parties</u>:  The parties may join additional parties only in accordance with the applicable federal and local rules.

8.     <u>Preservation</u>:  Pursuant to Rule 26(f)(3)(C), the Parties discussed the disclosure of electronically stored information and agreed to retain all such relevant information for the duration of the case.

9.     <u>Discovery of Electronically Stored Information</u>:  Regarding Rule 26(f)(3), the parties have discussed the production of electronically stored information ("ESI") and have agreed that, at the producing party's election, any production will be either in PDF format, or

single-image TIFF files, both with text files with load data and meta-data fields agreed to by the parties, or in the format (native) in which the ESI is kept in the ordinary course of business. To the extent that information contained in ESI is or becomes relevant to the proceedings (e.g., metadata, or other embedded information), the parties agree to confer in good faith to devise a plan to produce such ESI in a usable and convenient form which does not unduly burden the other party.

      a.    <u>Email Threads.</u>  In order to reduce the volume of duplicative content within email threads, the Parties may utilize "email thread suppression."  As used in this plan, email thread suppression means reducing duplicative production of email threads by producing the most recent email continuing the thread of emails, as well as all attachments that were included with any email that becomes part of the thread, and excluding emails constituting exact duplicates of emails within the produced string.  As used in this paragraph, only email messages in which the parent document and all attachments are exactly the same will be considered duplicates.  However, the Parties are required to preserve all suppressed documents and to produce in their entirety all lesser inclusive emails with attachments that are not part of the more inclusive email, and any tangential email threads.

10.    <u>Inadvertent Disclosure</u>:  The parties agree to the following "claw back" provision:

The unintentional production of any document or other information subject to protection by the attorney-client or other applicable privilege and/or the work-product doctrine or by another legal privilege protecting such information/documents from discovery shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies

the receiving party in writing of the unintentional production promptly after the producing party discovers the inadvertent production. In accordance with Federal Rule of Evidence 502, the attorney-client privilege or work-product protection shall not be waived by inadvertent disclosure in this litigation.

      A.      Upon written notice of an unintentional production of a privileged document by the producing party or oral notice if notice must be delivered at a deposition, the receiving party must promptly (within three (3) business days) first return the specified document and any hard copies the receiving party has (and destroy any copies which may remain) and may not use or disclose the information in any manner. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

      B.      To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party discloses the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve the information until the claim is resolved.

      C.      If any receiving party is in receipt of a document or information from a producing party that the receiving party has reason to believe was unintentionally produced by the producing party, the receiving party shall in good faith take reasonable steps to notify the producing party of the production of that document so that the producing party may make a determination of whether such document was unintentionally produced.

D. The party returning or destroying any unintentionally produced documents may move the Court for an order compelling production of some or all of the documents/information to be returned or destroyed, but the fact that the documents were produced inadvertently shall not be deemed to be a waiver of any privilege or protection, shall not be a basis for compelling production, and the motion shall not include or reference the privileged contents of the unintentionally produced documents.

11. <u>Claims of Privilege or Protection of Trial Preparation Material</u>: The parties anticipate they may need to file a Motion for Entry of a Joint Protective Order to protect certain confidential, personnel, financial, and personal information and testimony. Pursuant to Fed. R. Civ. P. 26(b)(5), the parties agree that they will assert claims of privilege/protection through the use of privilege logs, which shall describe the nature of the withheld document in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim of privilege. Any document production from which responsive documents are withheld based on privilege shall be accompanied by such relevant privilege log or by a statement identifying the date certain by which the log will be produced, which shall not be more than 14 calendar days after the document production.

    a. The following privileged documents and electronically stored information ("privileged material") need not be logged, indexed, or produced: privileged material created or received by counsel of record and associated attorneys and support staff, including paralegal and secretarial personnel after litigation was reasonably anticipated, from the following law firms and attorneys only: The Employment Law Group, P.C.; OGLETREE, DEAKINS, NASH,

         SMOAK & STEWART, P.C.; and The Office of University

         Counsel at UVA.

  12.  Email Service: The parties agree that discovery requests, objections, responses, or other papers, including attachments, not served via ECF may be served on all counsel of record via email. The parties agree that pleadings and papers served by ECF or by email shall be sufficient and there is no obligation or requirement to also serve by United States mail unless specifically requested by the receiving party. The parties agree that Federal Rule of Civil Procedure 6(d) shall apply to such communications, as if served by U.S. mail.

  13.  Serving and Filing Pleadings: Service and filing of pleadings or court papers in this case shall adhere to the United States District Court for the Western District of Virginia Electronic Case Filing policies. The parties also agree that the computation of time for all pleadings and notices served will follow Rule 6 of the Federal Rules of Civil Procedure.

  14.  The Parties jointly move the Court to enter the attached Order.

Respectfully submitted

**/s/ Adam Augustine Carter**_____
R. Scott Oswald
Adam Augustine Carter
The Employment Law Group, P.C.
1717 K Street, NW, Suite 1110
Washington, D.C. 20006
(202) 261-2803
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
acarter@employmentlawgroup.com
*Counsel for Plaintiff*

**/s/ Elizabeth M. Ebanks**_____
Elizabeth M. Ebanks
Alicia R. Johnson
W. Ryan Waddell

7

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300 Riverfront Plaza,
West Tower Richmond, VA 23219
Telephone: (804) 663-2340
Fax: (855) 225-8641
elizabeth.ebanks@ogletreedeakins.com
alicia.johnson@ogletreedeakins.com
ryan.waddell@ogletreedeakins.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2024, I electronically filed the above captioned pleading with the Clerk of the Court using the CM/ECF system which will send a notification of such filing to the following:

Elizabeth M. Ebanks
Alicia R. Johnson
W. Ryan Waddell
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300 Riverfront Plaza,
West Tower Richmond, VA 23219
Telephone: (804) 663-2340
Fax: (855) 225-8641
elizabeth.ebanks@ogletreedeakins.com
alicia.johnson@ogletreedeakins.com
ryan.waddell@ogletreedeakins.com
*Counsel for Defendant*

                          */s/ Adam Augusitne Carter*
                          Adam Augustine Carter